```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**JOHN WENDELL WHITT**                                                **PLAINTIFF**

**v.**                     **CASE NO.  5:09-cv-5158**

**CAPTAIN ROBERT HOLLY and**
**SHERIFF KEITH FERGUSON**                                            **DEFENDANTS**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff instituted this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case was referred to the undersigned by the Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Complaint (Doc. 1), be **DISMISSED with prejudice** for failure to prosecute this action and for failure to obey an Order of the Court.

**I.    BACKGROUND**

Defendants filed a Motion for Summary Judgment on September 3, 2010. (Doc. 18). On September 7, 2010, this Court issued an Order directing Plaintiff to complete and return a Notice to the Court regarding whether the Plaintiff would require assistance from the Court in responding to the Motion for Summary Judgment. (Doc. 21). Plaintiff returned the Notice on September 14, 2010, requesting the assistance of the Court. (Doc. 22). Pursuant to Plaintiff's request, on June 7, 2011, Plaintiff was sent a questionnaire to serve as his response to the Motion for Summary Judgment and was ordered to complete, sign, and return the response on or before July 7, 2011. (Doc. 23). Plaintiff was advised in that Order that any failure to return the Response by July 7, 2011, "may subject this matter to dismissal for failure to

comply with a Court Order." (Id.)

### II. APPLICABLE LAW

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure. FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III. DISCUSSION

Plaintiff was given until July 7, 2011 to return his Response to the Court. (Doc. 23). Plaintiff did not seek additional time beyond the July 7, 2011 deadline. Moreover, the Court has received no returned mail or other indication Plaintiff did not receive a copy of the Response and Order.

Plaintiff was specifically cautioned in the Order directing him to complete the Response that failure to return a completed Response within the required time-frame could result in a summary dismissal of his case

for failure to obey an Order of the Court.  (<u>Id.</u>)  Accordingly, this case should be dismissed for failure to follow a Court Order and failure to prosecute.

**IV.    CONCLUSION**

For the forgoing reasons I recommend the above-styled case be **DISMISSED for failure to prosecute and failure to follow a Court Order and that all pending motions be likewise terminated.**

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 25th day of July 2011.**

                                                <u>/s/Erin L.  Setser</u>
                                                HON.  ERIN L.  SETSER
                                                U.S. MAGISTRATE JUDGE